IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOSEPH DENNY NEZPERCE V, | CV 20-00011- BU-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| BRADEN PETERSON, BOZEMAN POLICE DEPARTMENT, and CITY OF BOZEMAN, | |
| Defendants. | |

Pending before the Court is Plaintiff Joseph Denny Nez Perce's Motion for Physical and Mental Examinations of Plaintiff, Subpoena(s), and Release from Custody, (Doc. 15), and Defendants' Response in opposition to Mr. Nez Perce's motion.  (Doc. 17.)  Also pending is Mr. Nez Perce's Motion to Appoint Counsel, (Doc. 24), and Defendants' Response. (Doc. 26.)  For the reasons explained below, Mr. Nez Perce's motions will be denied.

**i.    Motion for Examination**

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes a Court to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Such an examination is justified if a party's medical condition is in controversy and

1

good cause exists.  *Sclangenhauf v. Holder*, 379 U.S. 104, 119-20 (1964).  Here, Mr. Nez Perce seeks his own examination.

As a preliminary matter, the Court would note it has been held that "Rule 35 does not allow for a physical examination of oneself…" *Berg v. Prison Health Services*, 376 Fed. Appx. 723, 724 (9th Cir. 2010); see also, *Cottle v. Nevada Dept. of Corrections*, 2013 WL 5773845, at *2 (D. New. Oct 24, 2013)(collecting cases denying requests for Rule 35 examinations where inmate plaintiffs sought to secure medical treatment and/or obtain expert witness testimony to advocate on plaintiffs' behalf).  Additionally, Mr. Nez Perce has not demonstrated the ability to pay for the costs of an independent medical examination."  *See Patton v. Hollingsworth*, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [pro se prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case.").

Defendants argue that Mr. Nez Perce has failed to show the requisite good cause to support his request.  Specifically, they state that he has not demonstrated that his condition from the bicycle crashes is in controversy or that his requests are the most medically reasonably alternatives for determining his condition.  (Doc. 19 at 3.)  Defendants assert there are no specific facts that justify Mr. Nez Perce's request, rather such request is based upon his own unsubstantiated allegations.  *Id*. The Court agrees and finds that, in addition to the reasons cited above, the request

2

for examination is not supported by "good cause" as required by Rule 35(a)(2)(A) Fed. R. Civ. P.  The request for examination will be denied.

### ii.    Motion for Subpoenas

Mr. Nez Perce seeks Rule 45 subpoenas and information from the following: (1) Gallatin County Detention Center Clinic- the release of documents and electronically stored information from May 6, 2019 to October 26, 2020; (2) Gallatin County Detention Center Clinic/Kiosk Turnkey Communication Program- the release electronically sored information from August 31, 2020 to October 26, 2020; (3) Montana Department of Corrections/Bozeman Probation and Parole Office- the record of GPS device data that Mr. Nez Perce wore from August 18, 2020 to August 31, 2020, including tracking times and locations; (4) Bozeman Health Hospital- the health care records from May 6, 2019 and August 26, 2020; and, (5) Law and Justice Center, Bozeman Police Department, Missouri River Drug Task Force- the location of any and all state and federal officers/agents located near the site where Nez Perce was attacked on August 26, 2020 between 0400-0600 hours.  (Doc. 15 at 16.)

Mr. Nez Perce was advised of the procedure for seeking issuance of the subpoenas in the Court's scheduling order.  See, (Doc. 13 at 8.)[1]  The motion in in

---

[1] This section reads:  If Mr. Nez Perce desires to have the Court serve a subpoena pursuant to 28 U.S.C. § 1915(d), he must first file a motion providing justification for each subpoena to be

its present form does not comply with the Court's order and will be denied at this juncture.

### iii.    Motion for Release from Custody

Mr. Nez Perce asks this Court to order his release from state custody. There is a strong policy, however, against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Although, Federal courts may raise the issue of *Younger* abstention sua sponte, *see*, *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th

---

issued and served, submit a proposed subpoena to the Court in final form, and obtain an Order from this Court approving issuance and service of the subpoena.

Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte), Defendants cite to *Younger* in their opposition to Mr. Nez Perce's request. See, (Doc. 17 at 5.)

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* appear to be present. It would be inappropriate for this Court to intervene in any manner in Mr. Nez Perce's state court proceedings. His motion for release from custody will likewise be denied.

### iv.    Motion to Appoint Counsel

Finally, Mr. Nez Perce requests that this Court appoint counsel to represent him. See, (Doc. 24.) As grounds for his request Mr. Nez Perce asserts that due to

his incarceration he is having difficulty responding to and understanding Defendants' discovery requests.  *Id*. at 3.  Mr. Nez Perce also explains that he has limited legal knowledge and suffers from a severe mental disability.  *Id*. at 3-4.Defendants oppose the request.  (Doc. 26.)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney.  28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony.  However, this is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331.  Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

Mr. Nez Perce has not demonstrated a likelihood of success on the merits and he has effectively articulated his claims.  Moreover, the medical records provided by Mr. Nez Perce, see (Doc. 24-1), do not support that he currently suffers from a severe mental defect. The Court does not see a sufficient basis to appoint counsel.  The motion will be denied.

The Court, however, advises Mr. Nez Perce that the United States District Court for the District of Montana's website has a page which identifies cases in which defendants have been served and the plaintiff has requested appointment of counsel.  Although, the Court is denying Mr. Nez Perce's motion for appointment of counsel, it will list his case on the Court's website as a case in which a request

for the appointment of counsel has been made.  Should an attorney contact the Court indicating their interest in representing Mr. Nez Perce, the Court will make the appointment.  If Mr. Nez Perce objects to having his case listed on the Court's website, he should immediately notify the Court.

Accordingly, IT IS HEREBY ORDERED:

1. Mr. Nez Perce's Motion for Physical and Mental Examinations of Plaintiff, Subpoena(s), and Release from Custody, (Doc. 15), is DENIED.

2. Mr. Nez Perce's Motion for Appointment of Counsel (Doc. 24) is DENIED.  The Clerk of Court is directed to notify the Court's Pro Bono Coordinator to list Mr. Nez Perce's case on the list of Pro Bono Opportunities on the Court's website.

3.  At all times during the pendency of this action, Mr. Nez Perce must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 19th day of February, 2021.

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge